UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAIMUNDO ANTONIO HOGAN,

    Plaintiff,

v.                         Case No. 3:19-cv-727-J-39JBT

DEREK A. PRATICO,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a federal inmate, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed as a pauper (Doc. 2). He names one Defendant, Derek A. Pratico, in his role as a detective with the Jacksonville Sheriff's Office. Plaintiff asserts Detective Pratico intentionally and knowingly gave a false statement to the grand jury, and the false statement was used to support a finding of probable cause for Plaintiff's arrest. Compl. at 3-4.[1] Plaintiff does not explain the nature of Detective Pratico's false statement. Rather, he references page and line numbers in an attached partial transcript

---

[1] According to the one-count Indictment in his criminal case, Plaintiff was charged under 18 U.S.C. §§ 922(g)(1) and 924(e) with possession of a firearm that affected interstate commerce "after having been convicted of a crime punishable by imprisonment for a term exceeding one year." See Indictment (Doc. 1), Case No. 3:16-cr-139-J-32JRK. The firearm was identified as "A Glock, .40 caliber pistol, serial number KTV892." Id.

of Detective Pratico's grand jury testimony (Doc. 1-1; Tr.). Id. at 4. Detective Pratico testified the government had identified the "right" serial number of a gun officers recovered after Plaintiff ran from a car during a traffic stop. See Tr. at 6.[2] As relief, Plaintiff seeks nominal damages in the amount of $5,000,000. Compl. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint

---

[2] Plaintiff also provides in support of his Complaint two Investigation Reports (Docs. 1-2, 1-3), each of which references the gun he was convicted of possessing by a slightly different serial number, "KYU892" and "KTV892." The Eleventh Circuit Court of Appeals recently held the evidence was sufficient to support Plaintiff's conviction under § 922(g)(1) even despite the discrepancy in the serial number of the gun. See United States v. Hogan, --- F. App'x ---, No. 17-14856, 2019 WL 2511641 at * 2 (11th Cir. June 18, 2019). Notably, Plaintiff moved to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, asserting in part that his counsel was ineffective for his failure to call Detective Pratico as a witness to explain the grand jury testimony Plaintiff contends was false. See Doc. 102, Case Nos. 3:19-cv-767-J-32JRK; 3:16-cr-139-J-32JRK.

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678.

The Supreme Court has held, "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 369 (2012), aff'g 611 F.3d 828 (11th Cir. 2010). Accord Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony at trial or in front of the grand jury.") (internal citation omitted); Mastroianni v. Bowers, 173 F.3d 1363, 1367 (11th Cir. 1999) ("[A] witness has absolute immunity from civil liability based on his grand jury testimony.").

In his Complaint, Plaintiff's sole claim is that Detective Pratico falsely testified before the grand jury. See Compl. at 3-4. Detective Pratico enjoys absolute immunity from a claim under § 1983 based on his grand jury testimony, even assuming that testimony was false. See Rehberg, 566 U.S. at 369. As such, Plaintiff's Complaint is subject to dismissal.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of September, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Raimundo A. Hogan